UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIG INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JON CONANT, HILDA AYER )<br>ANDERSON, and THE AYER- )<br>ANDERSON FOUNDATION )<br>)<br>Defendants, )<br>)<br>v. )<br>)<br>JOHN AQUINO, Chapter 7 Trustee )<br>)<br>Nominal Defendant )<br>) | Civil Action No. 05-CV-11342GAO |

**REPLY OF TIG INSURANCE COMPANY TO OPPOSITION OF HILDA AYER ANDERSON AND THE AYER ANDERSON FOUNDATION TO MOTION OF TIG INSURANCE COMPANY TO WITHDRAW REFERENCE WITH RESPECT TO ADVERSARY PROCEEDING**

In reply to the "Opposition of Hilda Ayer Anderson and the Ayer Anderson Foundation To Motion of TIG Insurance Company To Withdraw Reference With Respect To Adversary Proceeding" (the "Opposition"), solely to address a discrete issue raised for the first time in the Opposition, TIG Insurance Company ("TIG") states as follows:

1. In the Opposition, Hilda Ayer Anderson and the Ayer Anderson Foundation (collectively, the "Anderson Defendants") assert that, before this Court can address the pending motion to withdraw the reference, the Bankruptcy Court must first

1

determine the core/non-core status of the action.[1]  The Anderson Defendants' assertion is without merit as, in this jurisdiction, the District Court has previously ruled on the non-core nature of an action without first deferring to the Bankruptcy Court.[2]  In addition, the sort of bifurcated procedure that the Anderson Defendants suggest would result in needless judicial inefficiency.

2.   As noted, the District Court in this jurisdiction has resolved core/non-core issues without resorting to a bifurcated procedure as requested by the Anderson Defendants.  For example, in *Mohawk Indus. v. Robinson Indus.*, 46 B.R. 464 (D.Mass. 1985), the Bankruptcy Court transferred to the District Court a breach of contract case that turned on, as here, state law. The debtor subsequently filed a motion with the district court seeking referral of the case back to the Bankruptcy Court.  In deciding the motion, the District Court was required to decide whether the breach of contract claim was a core or non-core proceeding, ultimately determining that it was a non-core proceeding.  The District Court, however, did not first defer a ruling on the non-core nature of the contract

---

[1] As set forth in TIG's moving papers, TIG filed an adversary proceeding on February 16, 2005, seeking, *inter alia*, a declaration that the Lawyers Professional Liability Policy (the "Policy") issued to Jon F. Conant (the "Debtor" or "Conant") was rescinded and void *ab initio* because during the negotiations of the Policy, all of which occurred before the Debtor filed bankruptcy, Conant made material misstatements and omissions that violated a condition precedent to coverage (the "Coverage Action").

[2] Given the procedural history, the Anderson Defendants' suggestion in the Opposition that TIG is forum shopping is equally baseless.  TIG moved to withdraw the reference, not for purposes of forum shopping as the Anderson Defendants wrongly allege, but in response to a request by the Bankruptcy Court that the parties consider whether the Bankruptcy Court should abstain in favor of an alternate forum that might be better suited to resolve the state law issues presented by the Coverage Action.  The Bankruptcy Court has since entered an order, however, stating that it would defer any decision regarding the abstention issue until after the motion to withdraw the reference is resolved.

claim to the Bankruptcy Court. *Id.* at 465-66.[3]

3.      Moreover, the legal authority upon which the Anderson Defendants rely does not support their position that, in Massachusetts, the Bankruptcy Court is the first and only arbiter of core/non-core status. Specifically, the only Massachusetts case upon which the Anderson Defendants rely is *In re Monarch Capital Corp.*, 173 B.R. 31 (D.Mass. 1994). Unlike here, in *Monarch*, the District Court heard an *appeal* from the Bankruptcy Court on its resolution of the core/non-core issue. In hearing the appeal, the District Court never ruled -- or even implied -- that the Bankruptcy Court was the sole authority on the non-core status of a matter.

4.      Under these circumstances, to require the parties to return to the Bankruptcy Court to first resolve the core/non-core issue would not result in an expeditious determination of the Coverage Action. Moreover, it would result in judicial inefficiency insofar as that it would require a two-step process involving proceedings before two separate courts.[4] Given that the District Court may determine the motion to withdraw the reference including, if necessary, by ruling on the non-core nature of the

---

[3] Other district courts in other jurisdictions have likewise determined the non-core status of a proceeding when ruling on a motion to withdraw the reference. *See, e.g., In re HA 2003, Inc.*, 2004 WL 609799 (N.D.Ill. March 24, 2004) (District Court in deciding motion to withdraw the reference held that coverage dispute was non-core); *Lawrence Group, Inc. v. Hartford Casualty Ins. Co.*, 285 B.R. 784 (N.D.N.Y. 2002) (District Court in granting motion to withdraw reference with respect to coverage dispute held that claims were non-core); *Comdisco Ventures, Inc. v. Federal Ins. Co.*, 2004 WL 1375353 (N.D. Ill. June 18, 2004) (District Court in granting motion to withdraw reference with respect to coverage dispute held that claims were non-core). *See also Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Company*, 130 B.R. 405 (S.D.N.Y. 1991) (District Court held that coverage dispute was non-core in deciding debtors' motion to remand); *Bernheim v. Chubb Insurance Co.*, 160 B.R. 42 (D.N.J. 1993) (On motion of debtor to refer action against insurer to the bankruptcy court, district court held that matter was non-core).
[4] Additionally, the Bankruptcy Court's determination could also result in an appeal of that decision causing even further delay.

3

Coverage Action -- TIG objects to the return of the present pre-petition, coverage dispute, which solely turns on state law, to the Bankruptcy Court for a core/non-core determination.

Dated: June 30, 2005                                  Respectfully submitted,

                                                      TIG INSURANCE COMPANY

                                                      By its attorneys,

                                                      /s/ Nancy D. Adams
                                                      Nancy D. Adams, BBO No. 560970
                                                      Scott H. Moskol, BBO No. 628323
                                                      Mintz, Levin, Cohn, Ferris,
                                                         Glovsky and Popeo P.C.
                                                      One Financial Center
                                                      Boston, Massachusetts 02111
                                                      Tel.: (617) 542-6000
                                                      Fax: (617) 542-2241


                                                      Of Counsel:

                                                      Peter G. Thompson, Esq.
                                                      Jeremy Simon, Esq.
                                                      Thompson, Loss & Judge, LLP
                                                      1919 Pennsylvania Avenue, NW
                                                      Suite M-200
                                                      Washington, DC 20006-3458
                                                      Tel: (202) 772-5171
                                                      Fax: (202) 772-5180

TRA 2048869v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIG INSURANCE COMPANY,<br>    Plaintiff,<br>v.<br>JON CONANT, HILDA AYER<br>ANDERSON, and THE AYER-<br>ANDERSON FOUNDATION<br>    Defendants,<br>v.<br>JOHN AQUINO, Chapter 7 Trustee<br>    Nominal Defendant | Civil Action No. 05-CV-11342GAO |

## CERTIFICATE OF SERVICE

I, Nancy D. Adams, do hereby certify that on the 30th day of June, 2005, I caused a copy of the within Reply of TIG Insurance Company to Opposition of Hilda Ayer Anderson and the Ayer Anderson Foundation to Motion of TIG Insurance Company to Withdraw the Reference with Respect to Adversary Proceeding to be served by first class mail, postage prepaid to the following parties:

**John Aquino, Esq., Chapter 7 Trustee**
Anderson & Aquino, LLP
260 Franklin Street
Boston, MA 02110

**Timothy King and Hilda Ayer Anderson
and the Ayer Anderson Foundation**
c/o Joel Beckman, Esq.
Nystrom Beckman & Paris LLP
10 St. James Avenue, 16th Floor
Boston, MA 02116

**William H. Harris, Esq., Counsel to the Debtor**
William Harris, PC
86 Dodge Street
Beverly, MA 01915

Dated: June 30, 2005

_____
Nancy D. Adams

TRA 2050244v1