UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

05-11342-GAO

In re:
JON F. CONANT,
    Debtor.

CASE NO. 04-18542 (RS)
Chapter 7

TIG INSURANCE COMPANY,

    Plaintiff,

v.

JON CONANT, HILDA AYER
ANDERSON, and THE AYER-
ANDERSON FOUNDATION

    Defendants.

Adv. Proc. No. 05-01082

**OPPOSITION OF HILDA AYER ANDERSON
AND THE AYER ANDERSON FOUNDATION
TO MOTION OF TIG INSURANCE COMPANY TO
<u>WITHDRAW REFERENCE WITH RESPECT TO ADVERSARY PROCEEDING</u>**

<u>INTRODUCTION</u>

TIG Insurance Company's ("TIG") repeated attempts to forum shop its rescission action against the debtor Jon Conant ("Conant") must end. In April 2003, Hilda Ayer Anderson and the Ayer Anderson Foundation (collectively, the "Anderson Parties") brought legal malpractice claims against Conant in Suffolk Superior Court (the "State Court Action"). TIG insures Conant under a professional malpractice policy and has provided him a defense pursuant thereto. In October 2004, on the eve of the Superior Court trial, TIG first sought to intervene in the State Court Action. When that failed, TIG filed a rescission action in the United States District Court for the District of Massachusetts (the "District Court Action"). Rather than seeking relief from

the automatic stay, upon Conant's bankruptcy filing TIG dismissed that action and filed an adversary proceeding seeking rescission in the Bankruptcy Court. Having now received unfavorable rulings from the Bankruptcy Court, TIG seeks to move its action back to District Court. TIG's timing and motivation could not be more transparent - - the Bankruptcy Court is about to rule on whether the proceeding is core[1] and the Anderson Parties' motion to stay TIG's action pending the outcome of the State Court Action.

As demonstrated below, the Court should deny TIG's motion for discretionary withdrawal because: (1) this is a core proceeding; (2) withdrawal will only reward TIG's forum shopping; and (3) the interests of judicial economy and uniformity in administering the bankruptcy estate favor keeping the action before the Bankruptcy Court. In sum, this matter is properly before the Bankruptcy Court and there is no "cause" for withdrawing the reference.

### ARGUMENT

#### A.   TIG Is Seeking Discretionary Withdrawal

Section 157(d) provides for both mandatory and discretionary withdrawal. Mandatory withdrawal applies when "the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. §157(d). Absent such a determination, the Court may only withdraw a reference "for cause shown." 28 U.S.C. §157(d) ("The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown*.") (emphasis added); see also In re C-

---

[1] By order dated May 3, 2005, the Bankruptcy Court asked the parties to brief the issue as to whether it could abstain from the adversarial proceeding and transfer the claims into the pending State Court Action. The parties submitted their respective briefs on May 24, 2005, including an analysis as to whether the rescission action was a core proceeding. The Bankruptcy Court has not yet rendered its decision. The Anderson Parties therefore have filed a motion asking that the Bankruptcy Court rule on the core/non-core issue before the matter is transferred to the District Court for a decision on the motion for withdrawal.

2

TC 9th Avenue Partnership, 177 B.R. 760, 764-65 (N.D.NY 1995) (discussing difference between mandatory and discretionary withdrawal). The "cause shown" requirement in §157(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy. See Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., Corp., 106 B.R. 367, 371 (D.Del. 1989); citing Allard v. Benjamin (In re Delorean Motor Co.), 49 B.R. 900, 912 (Bankr. E.D.Mich. 1985). In this case, TIG seeks a discretionary withdrawal of the reference. See Motion at 1 ("considerations of judicial economy and uniformity provide the requisite "cause" to grant TIG's present motion to withdraw the reference from the Bankruptcy Court."); Motion at 5 ¶9 (reciting standard for discretionary withdrawal). TIG, therefore, bears the burden of proving "cause" for withdrawing the matter from the Bankruptcy Court. Hatzel, 106 B.R. at 370.

B.  TIG Fails To Satisfy The Withdrawal Standard

Withdrawal from Bankruptcy Court is an exception to the general rule that proceedings should be adjudicated there 'unless withdrawal [is] essential to preserve a higher interest.' In re. Dooley, 182 B.R. 73, 81 (D.Mass. 1994) citing In re Clark-Franklin-Kingston Press, Inc., 1993 WL 160580, *4 (D.Mass.1993) and United States v. Kaplan, 146 B.R. 500, 502-03 (D.Mass.1992). In determining whether such cause exists, "[t]he district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." Dooley, 182 B.R. at 81 citing Kaplan, 146 B.R. at 504 and Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir.1985). As explained below, these factors weigh heavily against withdrawing the reference, and, therefore, TIG's motion should be denied.

1. <u>TIG's Action Is A Core Proceeding</u>

The determination of whether TIG's action is a core proceeding must be made in the first instance by the Bankruptcy Court—not the District Court. 28 U.S.C. §157(b)(3)[2]; <u>In re. Monarch Capital Corp.</u>, 173 B.R. 31, 39 (D.Mass. 1994) (core/non-core issue to be decided by Bankruptcy Court); <u>In re. Enron Corp.</u>, 2005 WL 1185804 *3 (S.D.N.Y. May 18, 2005) (denying motion for withdrawal and deferring to Bankruptcy Court for determination of core/non-core issue); <u>C-TC 9th Avenue</u>, 177 B.R. at 766 (same); <u>Hatzel</u>, 106 B.R. at 370 (core/non-core is issue for Bankruptcy Court, not District Court); <u>In re. Delaware & Hudson Railway Co.</u>, 122 B.R. 887, 891 (D.Del. 1991) (same); <u>In re East Hill Manuf. Corp.</u>, 200 B.R. 535, 536 (D.Vt. 1996). The Bankruptcy Court has not yet determined whether TIG's action is a core proceeding. This Court therefore should deny TIG's motion and defer to the Bankruptcy Court for its ruling on this critical issue. 28 U.S.C. §157(b)(3); <u>Monarch Capital Corp.</u>, 173 B.R. at 39; <u>Enron</u>, 2005 WL 1185804 at *3; <u>C-TC 9th Avenue</u>, 177 B.R. at 766.

The Bankruptcy Court will likely determine that TIG's declaratory judgment action is a core proceeding because it directly affects core bankruptcy functions, such as administering all property in the bankrupt's possession. <u>In re United States Lines, Inc.</u>, 197 F.3d 631, 637 (2d Cir. 1999); <u>In re. Arnold Print Works, Inc.</u>, 815 F.2d 165, 168 (1st Cir. 1987) (core proceedings are interpreted broadly close to or congruent with constitutional limits); <u>Monarch</u>, 173 B.R. at 35 (same). Indeed, the Bankruptcy Court has retained jurisdiction over payments to defense counsel in the State Court Action, which are to come from the policy. <u>See</u> Order Dated March 16, 2005 (attached as Exhibit A). Specifically, the Bankruptcy Court ordered TIG to "submit for the Court's review, approval and authorization with respect to reasonableness all defense

---

[2] Section 157(b)(3) provides "[t]he Bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under Title 11." 28 U.S.C. §157(b)(3).

4

expenditures intended by TIG as a charge against its coverage limits under the subject insurance policy." Id.

The Second Circuit has held that disputes relating to indemnity liability insurance contracts are core proceedings where the insurance proceeds are earmarked for certain creditors and represent the only potential source of cash available them. United States Lines, 197 F.3d at 638.[3] In such instances, the dispute is core because the insurance policy has a significant impact on the administration of the estate—specifically asset allocation among creditors. See, e.g., id. at 638-39:

> Indemnity insurance contracts, particularly where the debtor is faced with substantial liability claims within the coverage of the policy, may well be the most important asset of [] the debtor's estate. As such, resolving disputes relating to major insurance contracts are bound to have significant impact on the administration of the estate. (internal citations omitted).

The Seventh Circuit likewise has held that an action to rescind a claims made malpractice policy is a core proceeding. See, e.g., The Home Insurance Company v. Cooper & Cooper, Ltd., 889 F.2d 746, 748 (7th Cir. 1989). In Home Insurance, the debtor was a law firm with pre-petition malpractice claims asserted against it. The debtor's insurer brought an adversarial proceeding to rescind its malpractice policy, claiming that the debtor had lied on the application form. The court stated that "[a] policy of insurance is an asset of the estate, and a request to determine its validity with respect to the debtor is a 'core proceeding' over which a bankruptcy judge has jurisdiction." Id. at 748.

In this case, TIG has conceded that the Anderson Parties are likely to prevail on their claims against Conant. See Transcript of Hearing on May 3, 2005 (TIG's counsel stated "the

---

[3] United States Lines has been cited with approval by at least one Bankruptcy court within the First Circuit. See In re. Larocque, II, 283 B.R. 640, 642 (Bankr. D.RI. 2002) ("Core functions of the bankruptcy court include centralizing 'all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas.'").

suggestion that Mr. Conant may win [] is incorrect, because he's already lost at least on one count. I think there's also a substantial likelihood that Ms. Anderson will prevail on some other counts in their [] underlying action."). Conant's malpractice insurance policy with TIG is likely the largest asset of his estate, and is the principal potential source of recovery available to the Anderson Parties, for whom it is earmarked. If TIG prevails in its action the insurance proceeds will vanish, and the estate will be harmed because the Anderson Parties' claims will dilute the claims of the other creditors. The TIG Action is therefore a core proceeding. Arnold, 815 F.2d at 171.

Because this is a core proceeding, it is properly before the Bankruptcy Court and TIG's motion should be denied. As described below, even if the Court determines that TIG's action is not a core proceeding, the Court should still deny the motion because the other factors weigh against withdrawal. See Enron, 2005 WL 1185804 at *3 (denying motion for withdrawal).

2.  Prevention of Forum Shopping

Withdrawing the reference in this case would encourage forum shopping, which weighs against withdrawal from Bankruptcy Court. TIG has bounced from Superior Court to District Court to Bankruptcy Court and now - - for no legitimate reason - - seeks to move once again to District Court. Each "move" by TIG has cost the Anderson Parties significant legal fees. Indeed, the only reason why TIG dismissed the District Court Action—as opposed to seeking relief from the automatic stay—is so that it could test the waters of the Bankruptcy Court. Displeased with the Bankruptcy Court's rulings in this action,[4] TIG now seeks to retreat back to District Court. TIG's timing and motivation could not be more transparent - - the Bankruptcy

---

[4] Especially the ruling that the Bankruptcy Court will review all of TIG's payments to Conant's defense counsel in the State Court Action for reasonableness, and will only allow reasonable fees to be deducted from the policy limits. See Exhibit A. Indeed, the Bankruptcy Court has been briefed on the State Court Action, understands both that action and the TIG Action, and has a good handle on the disputes among the parties.

6

Court is about to rule on whether the proceeding is core and the Anderson Parties' motion to stay TIG's action pending the outcome of the State Court Action. In short, TIG is using this motion to preempt anticipated rulings by the Bankruptcy Court by transferring this action to the District Court. The only way to end TIG's game of "ping-pong" among the Courts is to deny this motion.

3. <u>Judicial Economy and Uniformity of Administration of Bankruptcy Law</u>

Keeping this matter before the Bankruptcy Court also will promote the interests of judicial economy and uniformity in the administration of the bankruptcy estate. Contrary to TIG's motion, withdrawing the reference would not place this dispute in a single proceeding— but instead would spread it to a third forum. It is important to note that TIG's duty to indemnify does not arise until judgment enters in the State Court Action. Trial in that action is now scheduled to commence on September 19, and a defense verdict therein would moot TIG's action. For this precise reason, the Anderson Parties have moved the Bankruptcy Court to stay TIG's declaratory judgment action.[5] If TIG's action were moved to District Court, then the parties would be litigating in three forums—superior court, bankruptcy court, and the federal District Court. Such a result runs contrary to the interests of judicial economy.

In its motion, TIG claims that because it is entitled to a jury trial and will not consent to such before the Bankruptcy Court, judicial economy favors transferring the matter to the District Court. The fact that TIG has made a jury demand, however, does not favor withdrawal at this time. Rule 9015-1(c) expressly states that when there is no consent for a jury trial, that the Bankruptcy Court shall "conduct <u>all pretrial proceedings</u> and <u>thereafter</u> transfer the case or

---

[5] That motion is pending before the Bankruptcy Court and is one of the rulings that TIG seeks to preempt through withdrawal.

7

proceeding to the appropriate United States District court for trial." (emphasis added).[6] Moreover, TIG is contradicting its prior representation to the Bankruptcy Court that its rescission was based on issues of law to be decided at summary judgment. See Opposition of TIG To Anderson Parties' Motion To Stay Action Pending Resolution of The Superior Court Trial ¶8 ("TIG believes the issue of rescission can be resolved by an early summary judgment motion and intends to make such a filing in the near future.").[7] Thus, according to TIG, no jury trial will ever take place. Now, to bolster its motion for withdrawal, TIG has changed its tune and is claiming that a jury must decide the issues in the case. Compare Motion at ¶22 ("Accordingly, a jury should make findings of fact required to resolve TIG's action for no coverage."). Regardless, even TIG concedes that the Bankruptcy Court has jurisdiction over all pretrial proceedings (Motion ¶23) and therefore, withdrawal at this time would be premature.

## CONCLUSION

For these reasons, the Court should deny TIG's motion. In the alternative, the Court should defer its ruling until after the Bankruptcy Court determines whether TIG's claims are core proceedings.

---

[6] This rule fosters the recognized principal in this district that bankruptcy proceedings should be adjudicated in the bankruptcy court unless withdrawal is essential to preserve a higher interest. See Dooley, 182 B.R. at 81; Monarch, 173 B.R. at 39 (bankruptcy court properly decided dispositive motion after determining that proceeding was core).
[7] See also id. at ¶9 ("These coverage issues are also independent of the outcome of the King Lawsuit and can be resolved by this Court, as a matter of law, based on the existing factual record.").

Respectfully submitted,

Hilda Ayer Anderson and
The Ayer-Anderson Foundation, Inc.

By their attorneys,

/s/ Joel G. Beckman
Joel G. Beckman BBO#553086
William C. Nystrom BBO#559656
Dana A. Zakarian BBO#641058
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
Dated: June 21, 2005                    (617) 778-9110 (fax)

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS**
Proceeding Memorandum/Order of Court

In Re: TIG Insurance Company v. Conant et al    Case Number: 05-01082    Ch:

**MOVANT/APPLICANT/PARTIES:**
#9 Motion of Hilda Ayer Anderson and Ayer Anderson Foundation to Stay Action Pending Resolution fo the Superior Court Trial
#10 Opposition of TIG Insurance Company
W. Nystrom for Defendant
S. Moskol and J. Simon for Plaintiff


**OUTCOME:**
\_\_\_\_\_Granted\_\_\_\_\_Denied\_\_\_\_\_Approved\_\_\_\_\_Sustained
\_\_\_\_\_Denied   Denied without prejudice\_\_\_\_\_Withdrawn in open court\_\_\_\_\_Overruled
\_\_\_\_\_OSC enforced/released
\_\_\_\_\_Continued to:_____For:_____
\_\_\_\_\_Formal order/stipulation to be submitted by:_____Date due:_____
\_\_\_\_\_Findings and conclusions dictated at close of hearing incorporated by reference
\_\_\_\_\_Taken under advise ment: Brief(s) due_____From_____
                                Response(s) due_____From_____
\_\_\_\_\_Fees allowed in the amount of: $_____Expenses of: $_____
\_\_\_\_\_No appearance/response by:_____
\_\_\_\_\_DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held. Parties are to submit supplemental pleadings re: abstention from rescission action by May 24, 2005.


IT IS SO NOTED:                              IT IS SO ORDERED:

                                             *Robert Somma*
_____                     _____ Dated: 05/03/2005
Courtroom Deputy                             Robert Somma, U.S. Bankruptcy Judge
025699

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br>JON F. CONANT,<br>    Debtor.<br><br>TIG INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>JON CONANT, HILDA AYER ANDERSON, and THE AYER-ANDERSON FOUNDATION<br><br>    Defendants. | CASE NO. 04-18542 (RS)<br>Chapter 7<br><br><br><br>Adv. Proc. No. 05-01082 |

### CERTIFICATE OF SERVICE

I, Joel G. Beckman, do hereby certify that on the 21st day of June, 2005, I caused a copy of: (1) Motion of Hilda Ayer Anderson and The Ayer Anderson Foundation's Determination that TIG Insurance Company's Rescission Action is a Core Proceeding; and (ii) Opposition of Hilda Ayer Anderson and the Ayer Anderson Foundation to Motion of TIG Insurance Company to Withdraw Reference With Respect to Adversary Proceeding to be served by first class mail, postage prepaid to all parties on the attached Service List.

Dated: June 21, 2005

/s/ Joel G. Beckman
Joel G. Beckman



Antonette Harrison
David J. Harrison
Harrison & Sons, Inc.
c/o Deidre Robbins, Esquire
30 Federal Street
Salem, MA 01970
Fax: (978) 745-6757

Stephen Rodio, Esquire
Rodio & Brown
91 Friendship Street
Providence, RI 02903
Fax: (401) 274-4099

William H. Harris, Esq.
William Harris, P.C.
86 Dodge Street
Beverly, MA 01915
Fax: (978) 921-9125

Joel Rosen
Metaxas, Norman & Pidgeon
900 Cummings Center, Ste. 207T
Beverly, MA 01915
Fax: (978) 922-6464

George Berman
Peabody & Arnold LLP
50 Rowes Wharf
Boston, MA 02110
Fax: (617) 951-2125

US Department of Labor
Employee Benefits
JFK Federal Building, Room 575
Boston, MA 02203

Danielle Andrews Long, Esquire
Robinson & Cole
1 Boston Place
Boston, MA 02108
Fax: (617) 557-5999

Porter & Coakley
64 Middle Street
Gloucester, MA 01930
Fax: (978) 281-4908

Steven J. Bolotin
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
Fax: (617) 342-4943

John Aquino, Esq.
Anderson & Aquino, LLP
260 Franklin Street
Boston, MA 02110
Fax: (617) 439-0400

Scott H. Moskol
Nancy D. Adams
Mintz, Levin, Cohen, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
Fax: (617) 542-2241

Jonathan Levin, Esq.
Garrity, Levin and Muir
585 Boylston Street
Boston, MA 02116
(617) 236-4909
(First Excelsior Corp.)

Holly Cain/Fred Blatchford
6 Winterhaven Road
Gloucester, MA 01930

IRS Special Procedures
PO Box 9112
Stop 20800
Boston, MA 02203

John Byors
18 Ledgewood Drive
Williston, VT 05495

Lawyers Diary
240 Mulberry Street
PO Box 50
Newark, NJ 07101-0050

MBNA America
PO Box 15453
Wilmington, DE 19850

Pam Conant
316 Hall Road
Lincoln, VT 05443

Babson & Co.
115 Prospect Street
Gloucester, MA 01930

Fidelity National Title Ins.
133 Federal Street
Boston, MA 02110-3179

Ford Motor Credit Company
PO Box 17948
Greenville, SC 29606-7948

IRS
Andover, MA 05501

Kyle Conant
35 Elm Street
Gloucester, MA 01930

Willard D. Perkins, P.E., Manager
Magnolia Development, LLC
c/o Hearthstone Realty Corporation
28 Andover Street, Andover, MA 01810
978-475-5400
978-475-5401

One Beacon Insurance
c/o Eastern Mercantile Corp.
PO Box 440406
Somerville, MA 02144-0901

Department of Revenue
Bankruptcy Unit
PO Box 9564
Boston, MA 02114-9564

Cape Ann Savings Bank
PO Box 330
Gloucester, MA 01930

Chase
PO Box 15129
Wilmington, DE  19850-5129

City Collector
PO Box 61
Gloucester, MA  01931-0061

Donald Ojantakanen
82 Main Street
Broad Brook, CT  06016

Federal Express
PO Box 332
Memphis, TN  38194-4741

R.B. McFarland
75 Pine Tree Drive
Hamilton, MA  01936

Robert Lane
PO Box 167
Gloucester, MA  01930

Thomas B. Vawter
P.O. Box 215
Newton, MA  02468

James E. Howard, Esq.
James E. Howard LLC
One Thompson Square, Suite 201
Charlestown, MA  02129

Commonwealth of Massachusetts
Division of Unemployment Assistance
Attn. Bankruptcy Unit, 5th Floor
19 Staniford Street
Boston, MA  02114

Tax Collector
PO Box 126
Bristol, ME  04539

Texaco/Shell
Citicards Processing Center
PO Box 9151
Des Moines, IA  50368-9151

Vacation Resorts International
PO Box 399
Hyannis, MA  02601-0399

Sovereign Bank
154 Main Street
Gloucester, MA  01930

Robert J. Madruga
128 Main Street
Gloucester, MA  01930

Estate of Robert Raech
c/o E. Michelle Ruddick
860 Washington Street
Gloucester, MA  01930

Jon Conant
71 High Street
Gloucester, MA  01930

John Fitzgerald
Assistant U.S. Trustee
Office of the US Trustee
10 Causeway Street
Boston, MA  02222

United States Attorney
One Courthouse Way
Suite 9200
Boston, MA  02210

4

Philip C. Silverman
Anderson Aquino LLD
260 Franklin St.
Boston, MA 02110
(617) 439-3500